IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES W. MYART, JR., | § § | |
| *Plaintiff,* | § § | SA-19-CV-00753-OLG |
| vs. | § § | |
| FROST BANK, PAT FROST, PRESIDENT; PHILIP GREEN, CEO; JAMES WATERS, PRESIDENT; JORGE GUTIERREZ, TREY BANACK, JASON LISERIO, ANDREA KNIGHT, ATTORNEYS JOHN DOE 1-10, JEFF CARRANZA, | § § § § § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court is the above-styled cause of action, which was removed to this Court on June 26, 2019 and referred to the undersigned for all pretrial proceedings on July 1, 2019 [#6]. In addition to this lawsuit, Plaintiff has two other lawsuits pending in the San Antonio Division of this District (5:19-CV-507-OLG and 5:19-CV-702-OLG). The Court set all three cases for status conferences to facilitate the Court's resolution of the pending motions and to streamline the issues in these cases. On August 7, 2019, Plaintiff, proceeding *pro se*, and counsel for Defendants appeared before the Court for the status conference. The Court now confirms certain oral rulings issued at the conference.

Defendants have moved to dissolve the two temporary restraining orders (TROs) issued by the state court prior to removal [#5, #10]. Although Defendants dispute that the orders issued by the state court were, in fact, valid TROs, all of the parties agreed on the record that these orders, issued on June 21, 2019 and June 24, 2019, automatically expired under the 14-day limit

1

for TROs imposed by the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 680. Accordingly, the Court will dismiss the motions to dissolve as moot. The Court will also grant Defendants' motion to supplement their Notice of Removal [#8] with a state-court order that was inadvertently excluded from the record, and notes Plaintiff did not object to the Court granting this motion.

At the status conference, the Court also addressed Plaintiff's most recent filing, which was filed in all three cases. The filing is styled as a "Sworn Motion for Hearing on Rule 65 Request for Temporary Restraining Order and Permanent Injunction and Second Motion for Contempt and Motion for Ninety (90) Day Stay of All Proceedings and Motion for Extension of State Court Restraining Order Converted to a FRCP Rule 65 Temporary Restraining Order and Temporary Injunction" [#12]. Plaintiff also recently filed a "Motion to Disqualify Attorneys and Law Firm and Request to Refer Matter to the State Bar of Texas Disciplinary Counsel and Motion for Contempt and Sanctions and Request for Emergency Hearing" [#11]. Together, these motions ask the Court to set a hearing to determine whether Defendants and their counsel should be held in contempt for failure to comply with the two TROs issued by the state court prior to removal. Plaintiff also requests a 90-day stay of all proceedings due to his medical issues to allow him time to retain an attorney and adequately respond to the pending motions in this case [#2, #3, #5, #8, #10]. Plaintiff submitted a note with his motion signed by Dr. Caridad Rebollar, MD, which states that Plaintiff was admitted to Mission Trail Baptist Hospital on July 25, 2019 for the management of diabetes, hypertension, and other conditions. In his note, the doctor also included her opinion that Plaintiff should have 90 days to manage and improve his medical condition and concentrate on his health. (Doctor's Note [#12] at 24.)

As the Court stated orally at the conference, the request for a 90-day stay is denied. Although the record reflects that Plaintiff is experiencing significant health issues, it also reflects that he has continued to engage in litigation activities in this and other cases during the last few months, and thus, his request for a stay must be balanced against the prejudice to Defendants in delaying a ruling on their dispositive motion for another three months. The record does not indicate that Plaintiff is currently hospitalized or completely incapacitated. In fact, Plaintiff conceded that he has not been continuously incapacitated or hospitalized, but he maintains that his health conditions have been serious and have prevented him from responding by the deadline or timely requesting for an extension. Yet, despite this assertion, the record this case indicates that during the past few months Plaintiff has filed a new lawsuit, filed amended pleadings, obtained temporary restraining orders, and moved for contempt. Under these circumstances, Plaintiff is not entitled to a 90-day stay of all proceedings. However, in light of Plaintiff's health issues and because this is Plaintiff's first request for an extension of time to respond in this case, the Court will allow Plaintiff 14 more days to respond to Defendants' motions to dismiss and to strike [#2, #3], the full period of time he would be entitled to under the Court's Local Rules if Defendants had filed their motions today.

Although the Court will not grant the full 90-day stay requested by Plaintiff, the Court, pursuant to its case management authority under the Federal Rules, will stay all proceedings in the case pending the issuance of the undersigned's Report and Recommendation so that the predicate issues can be addressed and the parties' resources can be conserved. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (district courts have "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases");

Fed. R. Civ. 16(c) (during an initial pretrial conference, the court should consider and take appropriate action to simplify the case and control and manage discovery).

The Court also notes that Plaintiff made oral motions at the three status conferences.[1] During the status conference in this case, Plaintiff moved for the Court to compel mediation. That motion is denied as premature but without prejudice to the parties requesting Court-ordered mediation at a later date, after preliminary matters have been resolved. Plaintiff also moved for an order allowing him permission to file pleadings and other documents electronically in this case. The Court orally granted the motion.

Finally, Defendants' Motion to Dismiss [#2], Defendants' Motion to Strike [#3], and Plaintiff's Motion to Disqualify Counsel [#11] are taken under advisement and will be addressed by separate report and recommendation.

**IT IS THEREFORE ORDERED** that Plaintiff's Sworn Motion for Hearing on Rule 65 Request for Temporary Restraining Order and Permanent Injunction and Second Motion for Contempt and Motion for Ninety (90) Day Stay of All Proceedings and Motion for Extension of State Court Restraining Order Converted to a FRCP Rule 65 Temporary Restraining Order and Temporary Injunction [#15] is **DENIED IN PART** and Plaintiff's Request for a 90-day stay is **DENIED**. The remainder of the relief requested will be addressed in the Report and Recommendation disposing of the motions taken under advisement.

**IT IS FURTHER ORDERED** that Plaintiff may file any response to Defendants' Motion to Dismiss [#2] and Motion to Strike [#3] within 14 days of this Order.

---

[1] Plaintiff's first oral motion occurred during the conference in 5:19-CV-507-OLG, and he orally requested that the undersigned recuse herself as biased. But in the status conference in this case, Plaintiff subsequently orally withdrew that motion, and recanted his accusation of bias.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dissolve Temporary Restraining Order [#5] and Defendants' Motion to Dissolve State Court Order of June 24, 2019 [#10] are **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to Supplement Defendants' Notice of Removal [#8] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's oral motion to compel mediation is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's oral motion for access to electronic filing is **GRANTED**. Plaintiff is directed to contact the Office of the District Clerk to obtain the e-filing and e-noticing registration form and to submit the fully completed form to the Clerk. Under standard procedures, the registration form will be processed by the Clerk, who has the responsibility of verifying, approving, and effectuating e-filing and e-noticing of court documents.

**IT IS FINALLY ORDERED** that this case is **STAYED** for all purposes until the undersigned issues a report and recommendation on the pending motion described above. No party may file any additional documents in this case—except those specified in this Order—until the stay is lifted without first obtaining leave of Court. However, Plaintiff indicated he is attempting to obtain counsel, and if he does, counsel may file an appearance at any time. Plaintiff, whether he is still proceeding *pro se* or has obtained counsel, will, of course, have an opportunity to lodge any objections to the undersigned's report and recommendation once it is issued to the District Court and the stay is lifted.

**IT IS SO ORDERED.**

SIGNED this 8th day of August, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE