IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAMES W. MYART JR.,                    §
                                       §
            *Plaintiff,*                §            SA-19-CV-00753-OLG
                                       §
vs.                                    §
                                       §
FROST BANK, PAT FROST,                 §
PRESIDENT; PHILIP GREEN, CEO;          §
JAMES WATERS, PRESIDENT; JORGE         §
GUTIERREZ, TREY BANACK, JASON          §
LISERIO, ANDREA KNIGHT,                §
ATTORNEYS JOHN DOE 1-10, JEFF          §
CARRANZA,                              §
                                       §
            *Defendants.*               §

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

This Report and Recommendation and Order concerns the following dispositive and

nondispositive motions: Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Original

Petition and Application for Temporary Restraining Order and Permanent Injunction [and in the

Alternative] Rule 12(e) Motion for a More Definite Statement [#2]; Defendants' Rule 12(f)

Motion to Strike [#3]; Plaintiff's Motion to Disqualify Attorneys and Law Firm and Request to

Refer Matter to the State Bar of Texas Disciplinary Counel [sic] and Motion for Contempt and

Sanctions and Request for Emergency Hearing [#11]; Plaintiff's Motion for Leave to File

Second Motion for 90 Day Stay with Medical Evidence [#28]; Defendants' Response to

Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs for Appeal

Purposes and Defendants' Motion to Dismiss under 28 U.S.C. § 1915 [#29]; Plaintiff's Motion

1

for Status Conference by District Judge Only [#40]; Plaintiff's Motion to Lift Stay and Various Notices to the Court [#41].

All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#6]. The undersigned has authority to enter this recommendation regarding the pending dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned has authority to enter this order regarding the pending nondispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A).

For the reasons set forth below, it is recommended that Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Petition and Application for Temporary Restraining Order and Permanent Injunction [and in the Alternative] Rule 12(e) Motion for a More Definite Statement [#2] be **GRANTED** and Plaintiff's Motion to Disqualify Attorneys and Law Firm and Request to Refer Matter to the State Bar of Texas Disciplinary Counel [sic] and Motion for Contempt and Sanctions and Request for Emergency Hearing [#11] be **DENIED**.

The Court will also **DISMISS AS MOOT** Defendants' Rule 12(f) Motion to Strike [#3]; **DENY** Plaintiff's Motion for Leave to File Second Motion for 90 Day Stay with Medical Evidence [#28]; **DISMISS AS MOOT** Defendants' Motion to Dismiss under 28 U.S.C. § 1915 [#29]; **GRANT IN PART** Plaintiff's Motion to Lift Stay and Various Notices to the Court [#41]; and **LEAVE PENDING** Plaintiff's Motion for Status Conference by District Judge Only [#40] for resolution by the District Court.

## I. Procedural Background

Plaintiff James W. Myart, Jr., proceeding *pro se*, originally filed this action in the 131st Judicial District Court of Bexar County, Texas on June 21, 2019, against Frost Bank, Pat Frost, Philip Green, James Waters, Jorge Guiterrez, Trey Banack, Jason Liserio, Andrea Knight, Jeff

Carranza, and Attorneys John Doe 1-10. (Orig. Pet. [#1-3] at 2.) Plaintiff has sued all individually named Defendants in both their official and individual capacities. (*Id.*) Plaintiff alleges that Defendants improperly closed his two bank accounts at Frost Bank. (*Id.* at 14.) Plaintiff accuses Defendants of being motivated by "racial hatred and animus" and refers to Frost Bank as "The Last Plantation" throughout his Petition. (*Id.* at 15.) Although Plaintiff's Petition comprises 33 pages, the only facts he alleges with respect to the closure of his accounts are (1) "The Defendants actions of closing his account was retaliatory because he interceded in a debate between a clerk and a black female customer"; and (2) Defendants gave him no reason for why his bank accounts were closed, but "on information and belief, the action was taken in retaliation for plaintiff Myart interceding on a racial circumstance at their branch bank." (*Id.* at 4, 14, 20.) In addition to these allegations, Plaintiff's Petition contains other confusing and conclusory allegations regarding income tax returns, eviction from land by the U.S. Marshalls, administrative complaints, the Kansas Constitution, the right to make a living as a farmer, and the denial of participation in loan programs. (*See generally id.*) It is unclear whether these additional allegations involve events personal to Plaintiff or constitute general historical background with respect to Plaintiff's allegations of racial discrimination. In any event, they are not linked in any way to the defendants he has sued in this lawsuit.

Plaintiff's Petition asserts the following causes of action: (1) race discrimination in violation of the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*; (2) race discrimination in violation of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982; (3) violation of the Equal Credit Opportunity Act of 1972, 15 U.S.C. § 1691, *et seq.*; (4) violation of Article I, Section 1 of the Texas Constitution; and (5) conspiracy and conversion. (*Id.* at 30–34.) Plaintiff seeks $5,000,000 in damages and an injunction reinstating his two bank accounts. (*Id.* at 28, 34.) The

state court issued two temporary restraining orders ("TROs") on June 21, 2019 and June 24, 2019 prior to removal, which automatically expired under the 14-day limit for TROs imposed by the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 680.

Five days after his lawsuit was filed, Defendants removed Plaintiff's Petition to this court. (Notice of Removal [#1].) Although Plaintiff requested the issuance of summons as to Frost Bank, Pat Frost, Jorge Guiterrez, and Andrea Knight, none of these Defendants were formally served with process prior to removal. (*Id.* at 2.) Nonetheless, all named Defendants joined in the Notice of Removal. (*Id.*) Immediately following removal, all named Defendants filed the motion to dismiss and motion to strike currently before the Court, as well as an Answer [#4]. By their motion to dismiss, Defendants ask the Court to dismiss all of Plaintiff's claims pursuant to Rule 12(b)(6) or for an order directing Plaintiff to file a more definite statement pursuant to Rule 12(e). By their motion to strike, Defendants ask the Court to strike those paragraphs in Plaintiff's Petition that are "redundant, immaterial, impertinent and scandalous and constitute an attempt by Plaintiff to place before the Court and the jury prejudicial statements that otherwise would not be admissible" pursuant to Rule 12(f). (Mot. to Strike [#3] at 1.) Plaintiff's responses to Defendants' motions were due on July 15, 2019. *See* W.D. Tex. Loc. R. CV-7(e) (response to dispositive motion due within 14 days of the motion's filing); Fed. R. Civ. P. 6(a), (d) (adding three days to response deadline for service by mail).

Plaintiff did not file his response to either motion by the July 15, 2019 deadline. Instead, on July 26, 2019, Plaintiff filed a motion requesting a 90-day stay of all deadlines in this case due to Plaintiff's medical issues, including his deadline to respond to Defendants' motions to dismiss, and a motion to disqualify counsel (which remains pending). The Court held a status conference to address the requested stay on August 7, 2019. After hearing the arguments of

4

Plaintiff at the conference, considering Plaintiff's substantial litigation activity in this and other cases leading up to the conference, and reviewing the medical evidence attached to Plaintiff's motion, the Court denied Plaintiff's request for a 90-day stay of the entire case, but stayed all discovery pending the resolution of Defendants' motions to dismiss [#18]. In the same Order, the undersigned ordered that any party seeking to file any document in this case must first seek leave of court. Plaintiff appealed this Order to the District Court and requested the removal of the undersigned from this case, alleging bias. The District Court affirmed the Order denying the 90-day stay and denied Plaintiff's request to remove the undersigned [#26]. Plaintiff finally filed a response to Defendants' motions on October 2, 2019, over two months after the deadline to do so had expired [#34].

Since the Court's August 2019 status conference, Plaintiff has filed a motion for leave to file another 90-day stay of this case [#28], a motion for a status hearing before a District Judge [#40], and motion to lift the stay and proceed with this case [#41]. Plaintiff also filed two appeals to the Fifth Circuit, both of which were dismissed for lack of jurisdiction. The only other matter remaining for the Court's disposition is Defendants' Response to Plaintiff's Application to Proceed In District Court without Prepaying Fees or Costs for Appeal Purpose and Defendants' Motion to Dismiss Under 28 U.S.C. § 1915 [#29]. This filing is predominantly a response to a motion to proceed *in forma pauperis* on appeal that Plaintiff filed in another case, Cause Number 5:19-CV-507-OLG, but also asks the Court to dismiss this case with prejudice pursuant to 28 U.S.C. § 1915. The undersigned now considers each of the seven pending motions in this case in turn.

## II.  Plaintiff's Motion for Leave to File a Motion for 90-Day Stay [#28] and Motion to Lift Stay [#41]

Plaintiff asks the Court for leave to file another motion for a 90-day stay of this case due to his medical issues.  Attached to the motion are over one hundred pages of medical evidence demonstrating that Plaintiff has been hospitalized numerous times in the past several months, has lost eyesight in his right eye, and suffers from end-stage renal disease.  (Med. Records [#28-1].)  Plaintiff also filed additional supplemental records in support of his motion.  (Med. Records [#30-1, 34, 44].)  In his motion, Plaintiff accuses the undersigned and the District Court of not caring about his medical condition or believing him to be lying to the Court about his illnesses.  To the contrary, Plaintiff has sufficiently documented that he suffers from serious medical conditions, which have at times required his hospitalization.  Nonetheless, the Court will deny leave to file a second request for a 90-day stay for the following reasons.

This case is currently at the preliminary stage in which the Court is asked to decide threshold issues raised in the motion to dismiss filed by Defendants.  At the motion-to-dismiss stage the Court reviews only the plausibility of Plaintiff's pleadings and does not consider any evidence.  Accordingly, there is no need for discovery or any other action by Plaintiff, aside from a response to the pending motion to dismiss or supplemental pleading clarifying Plaintiff's allegations to demonstrate that they give rise to valid causes of action under the law.  Discovery has been stayed pending the resolution of Defendants' motions.  Other than supplementing his pleadings or filing objections, nothing else is required of Plaintiff at this time and a stay of the entire case is unnecessary.

Moreover, even if discovery and other aspects of the litigation were proceeding (and thus a stay would have a bigger impact), the Court would deny the motion.  Plaintiff has filed dozens

of pleadings, motions, and appeals in this case and other cases pending before this Court[1] since Defendants filed their motion to dismiss and to strike Plaintiff's pleadings. He has demonstrated that, although his illness may be serious, he is capable of drafting hundreds of pages of court filings and actively pursuing multiple cases before this Court and others.

Finally, Plaintiff has also most recently filed a motion to *lift* the stay in this case [#41], complaining about the delay in the issuance of any rulings in his case and the lack of a scheduling order and a date for trial.[2] It appears therefore that Plaintiff is abandoning his request for a stay. The Court therefore will deny the current pending motion for leave to file a motion to stay and grant in part Plaintiff's motion to lift the stay and proceed with this case.

### III. Defendants' Motion to Dismiss [#2] and Motion to Strike [#3]

The Court should grant the motion to dismiss filed by Defendants, and the undersigned will dismiss as moot the motion to strike.

#### A. Legal Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a

---

[1] Four other lawsuits filed by Plaintiff were pending before this Court at the time Plaintiff filed his motion for a stay (5:19-CV-507-OLG, 5:19-CV-702-OLG, 5:19-CV-906-OLG, and 5:19-CV-1174-OLG), some of which were newly filed during the time period in which Plaintiff suffered from various medical issues.

[2] The undersigned notes that Plaintiff's voluminous filings, including multiple appeals and requests for recusal, have significantly hampered the Court's ability to efficiently dispose of the pending motions that concern preliminary matters in the case.

right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570.

Rule 12(e) allows a party to move for a more definite statement if the pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Rule 12(f) allows the court to strike an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, and the Court has broad discretion to determine whether the challenged matter should be stricken. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1058 (5th Cir. 1982).

The undersigned is mindful that in evaluating the merits of Defendants' motion to dismiss and motion to strike, a court views Plaintiff's *pro se* pleadings under a less stringent standard than those drafted by an attorney. *See Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983). As a result, Plaintiff's filings are entitled to a liberal construction that includes all

reasonable inferences that can be drawn from these pleadings. *See id.* The undersigned does remind the District Court, however, that although Plaintiff is proceeding *pro se* in this case, he did attend law school and previously was a member of the bar, so he has more legal training and experience than a typical *pro se* litigant.

**B.      Defendants' Motion to Dismiss**

Again, Plaintiff's Petition asserts the following causes of action: (1) race discrimination in violation of the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*; (2) race discrimination in violation of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982; (3) violation of the Equal Credit Opportunity Act of 1972, 15 U.S.C. § 1691, *et seq.*; (4) violation of Article I, Section 1 of the Texas Constitution; and (5) conspiracy and conversion. (*Id.* at 30–34.) All of these claims should be dismissed for failure to state a claim upon which relief can be granted.

i.      <u>Rehabilitation Act</u>

Count One of Plaintiff's Petition alleges race discrimination under the Rehabilitation Act. (Pet. [#1-3] at 30–31.) Plaintiff does not identify which provision of the Rehabilitation Act he is claiming that Defendants violated. The Rehabilitation Act was the first major federal statute aimed at protecting the rights of people with disabilities. *Flynn v. Distinctive Home Care, Inc.*, 812 F.3d 422, 425 (5th Cir. 2016). For example, the current form of Section 504 of the Rehabilitation Act provides:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794. This provision broadly prohibits discrimination, including employment discrimination, against disabled persons in federally assisted programs or activities. *Flynn*, 812

F.3d at 425–26. Congress enacted the Americans with Disabilities Act ("ADA") to address discrimination in the private sector. *Id.* at 426.

Defendants argue that this claim fails as a matter of law in part because Plaintiff does not allege he was an employee of Defendants, and the Rehabilitation Act addresses employment discrimination against disabled individuals. (Mot. [#2] at 4.) Although some of the provisions of the Rehabilitation Act do address employment discrimination, Section 504 of the Rehabilitation Act applies more broadly to prohibit discrimination by programs or activities receiving federal funding. *See Frame v. City of Arlington*, 657 F.3d 215, 225–26 (5th Cir. 2011) (discussing scope of Section 504). Accordingly, to state a claim under Section 504 of the Rehabilitation Act outside of the context of employment, Plaintiff must allege: (1) he is an individual with a disability, (2) he is otherwise qualified for participation in a program or activity receiving federal financial assistance; (3) he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely by reason of his disability. *Spann ex rel. Hopkins v. Word of Faith Christian Ctr. Church*, 589 F. Supp. 2d 759, 764 (S.D. Miss. 2008).

Plaintiff's Rehabilitation Act claim alleges that he suffered discrimination "on the basis of his race, Black, age, 64, and physical acts." (Pet. [#1-3] at 30.) Nowhere in Plaintiff's Petition with respect to his Rehabilitation Act claim does he allege he suffers from a disability or that he was denied benefits due to a disability. Rather, Plaintiff alleges eligibility in Defendants' "federally conducted loan programs" and that he was denied participation in these programs due to his race, while "non-black persons have been allowed, unfettered, to participate in said programs." (*Id.* at 30–31.) Plaintiff's second cause of action, which also alleges race

discrimination, references a "physical handicap" but does not describe or identify the alleged disability. (*Id.* at 31.)

As pleaded, Plaintiff fails to state a plausible claim under the Rehabilitation Act because he does not allege discrimination on the basis of any disability or describe any facts related to the denial of an application to participate in a federal loan program. The only non-conclusory facts alleged in Plaintiff's Petition are that he intervened in a dispute between a black customer and a bank teller and that as a result his bank accounts were closed. These facts do not state a claim of disability discrimination under the Rehabilitation Act.

 ii. <u>42 U.S.C. § 1981 and § 1982</u>

Plaintiff's allegations in Count Two are similar to his allegations regarding the Rehabilitation Act in Count One. He alleges he suffered discrimination "in constitutionally protected federal programs on the basis of his race, Black, age, 64, and physical handicap." (Pet. [#1-3] at 31.) However, he also alleges that "[n]on-Black American citizens are being afforded preferential treatment in acquiring Farm and Home loans and grants pursuant to the federal-funded farm and loan programs administered by the Secretary." (*Id.*) Yet Plaintiff does not allege any facts regarding these loan programs, his application to participate in such programs, or how he was denied participation.

Section 1981 prohibits race discrimination and requires a plaintiff to establish three elements: (1) that he is a member of a racial minority; (2) that the defendant had the intent to discriminate on the basis of race; and (3) the discrimination concerned one or more activities enumerated by statute, which includes the right "to make and enforce contracts." 42 U.S.C. § 1981(a); *Morris v. Dillard Department Stores*, 277 F.3d 743, 751 (5th Cir. 2001). Section 1982 pertains to the right of all persons, regardless of race, to inherit, purchase, lease, sell, hold, and

convey personal and real property. 42 U.S.C. § 1982. To state a claim for a violation of Section 1982, a plaintiff must allege with specificity facts sufficient to show or raise a plausible inference of (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his rights because of his race. *Brackens v. Big Lots, Inc.*, No. A-06-CA-532 LY, 2007 WL 208750, at *2 (W.D. Tex. Jan. 24, 2007).

Plaintiff fails to allege any facts explaining how any of the Defendants intentionally discriminated against him on the basis of his race. Again, his only allegations are that his bank accounts were closed because he interceded in a discussion between a bank patron and a bank employee. Plaintiff has not even identified the individually named Defendants, their relationship to Frost Bank, and how they were involved in the alleged discrimination. As currently pleaded, Plaintiff fails to state a claim under Section 1981 or 1982, and the Court should dismiss Count Two of Plaintiff's Petition.

### iii.   Equal Credit Opportunity Act of 1972

Count Three of Plaintiff's Petition again alleges that Plaintiff was denied participation in "private bank loan programs," this time identifying the programs as "Farm Ownership, Farm Loans, Operating Loans, Equipment Loans, and Emergency Loans." (Pet. [#1-3] at 33.) Plaintiff claims these acts constitute a violation of the Equal Credit Opportunity Act of 1972. The Equal Credit Opportunity Act prohibits "any creditor" from discriminating against "any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a). The Act defines "applicant" as "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b). Although

Plaintiff references farm loans and other loans in this cause of action, his factual allegations do not allege that he applied for any loan or credit, only that his bank accounts were closed. As currently pleaded, Plaintiff fails to state a plausible claim against any Defendant under the Equal Credit Opportunity Act.

      iv.    <u>Texas Constitution</u>

Plaintiff's fifth cause of action[3] alleges a violation of Article I, Section 1 of the Texas Constitution. (Pet. [#1-3] at 33.) In asserting this claim, Plaintiff includes no facts and merely recites a purported portion of the Texas Constitution and in a conclusory fashion alleges Defendants violated his rights. Moreover, the cited language regarding equal rights (that "[a]ll men are possessed of equal and inalienable natural rights") does not appear in the Texas Constitution but instead is Section 1 of the Bill of Rights of the Kansas Constitution. *See* Kan. Const. Bill of Rts. § 1. Plaintiff has failed to state a claim under the Texas Constitution or alleged any facts suggesting the Kansas Constitution governs the parties or the acts at issue in this case.

      v.    <u>Conspiracy and Conversion</u>

Plaintiff's final cause of action consists solely of a handwritten title of "conspiracy and conversion" with no accompanying factual allegations or legal explanation for the causes of action asserted. (Pet. [#1-3] at 33.) Plaintiff cannot survive Defendants' motion to dismiss by merely labeling a cause of action without any accompanying factual allegations. *See Iqbal*, 556 U.S. at 678. As pleaded, Plaintiff's conspiracy and conversion claims also fail as a matter of law.

---

[3] Plaintiff's Petition skips from his third to fifth cause of action. (Pet. [#1-3] at 33.)

**C.    Plaintiff's Request to Amend and Defendants' Alternative Motion for a More Definite Statement**

Defendants' motion seeks in the alternative an order requiring Plaintiff to file a more definite statement clarifying his allegations against each Defendant and identifying additional factual bases for his causes of action, including specific facts supporting his claims of racial animus.    In his belated response to Defendants' motion to dismiss, Plaintiff also requests the ability to replead and file an amended complaint.    (Resp. [#33] at 3.)    Under the Court's Local Rules, when a party seeks leave to file an amended pleading, the party is required to submit the proposed amended pleading to the Court for consideration.    *See* Local Rule CV-7(b).    Plaintiff did not do so in this case.    While amendment of pleadings is generally permissible early in a case, courts are not required to permit amendment if amendments cannot cure pleadings defects. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (a court may deny leave to amend where amendment would be futile).    That is, of course, why the Court's Local Rules require the submission of the proposed amended pleading at the time leave to amend is requested—so that the proposed amendments can be evaluated to ascertain whether they are futile or cure some or all defects.

Because Plaintiff has not submitted his proposed amended pleading, the undersigned is unable to evaluate whether his supplemental pleadings would cure any of the deficiencies outlined in this Report and Recommendation.    Moreover, Plaintiff has had months of opportunity to file a meaningful response to Defendants' motion to dismiss, which specifically identifies the various defects in Plaintiff's pleadings.    But in certain instances, Plaintiff's factual pleadings may not be incurably deficient, although they are scant and conclusory.

Thus, although the undersigned is recommending dismissal of the claims based on Plaintiff's current pleadings, the undersigned will also order that within fourteen days, at the

same time that he files any objections to this Report and Recommendation, Plaintiff file a More Definite Statement in accordance with Rule 12(e) of the Federal Rules of Civil Procedure. That pleading should be in a separate document from his objections to the Report and Recommendation and will enable the District Court to evaluate whether Plaintiff has cured any of the pleading defects at the same time the District Court considers the Report and Recommendation and any objections to it. Plaintiff is warned that failure to file a More Definite Statement by the deadline imposed in this Order will result in the District Court considering the undersigned's recommendation in light of the factual pleadings contained in the Original Petition only.

**D.      Defendants' Motion to Strike**

Defendants' motion to strike identifies various portions of Plaintiff's Petition that are allegedly redundant, immaterial, and at times unintelligible and ask the Court to strike these portions of the pleading under Rule 12(f). In light of the undersigned's order for Plaintiff to file a more definite statement and recommendation that the District Court grant Defendants' motion to dismiss if Plaintiff fails to do so, the undersigned will dismiss Defendants' motion to strike as moot.

## IV. Plaintiff's Motion to Disqualify and for Contempt and Sanctions [#11]

By his motion, Plaintiff asks the Court to disqualify various attorneys, refer them to the State Bar of Texas for discipline, hold them in contempt, and issue sanctions. According to Plaintiff, he returned to Frost Bank after a Bexar County judge issued the two TROs in his case and was arrested and placed in Bexar County jail. While in custody, Plaintiff claims he suffered a medical attack and was placed at a hospital while still under arrest, and that he incurred significant hospital and legal bills. Plaintiff accuses Frost Bank's general counsel, licensed

attorneys employed by Frost Bank who are also named Defendants in this action, and Defendants' retained attorneys in this litigation of illegally ignoring the valid TROs.

Defendants' response to Plaintiff's motion [#16] provides additional factual details as to the events that transpired between Plaintiff and Frost Bank and gave rise to this lawsuit. Defendants contend that Plaintiff engaged in threatening behavior toward Frost Bank employees in the presence of customers, which led to the issuance of various criminal trespass warnings and a ban on Plaintiff entering any Frost Bank location. Defendants attach to their response a copy of letters addressed to Plaintiff, dated June 19, 2019 and June 20, 2019, which confirm the closing of Plaintiff's accounts and the issuance of criminal trespass warnings to Plaintiff as to all Frost Bank locations and properties. (Ltrs. [#16-1] at 2–3.) In light of this record, the Court should deny Plaintiff's motion.

The party seeking to disqualify an attorney bears the burden of proving that disqualification is warranted, and that burden is heavy. *United States v. Aleman*, No. CRIM.EP-04-CR-1509 K, 2004 WL 1834602, at *1 (W.D. Tex. Aug. 12, 2004) (citing *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 646 F.2d 1020, 1028 (5th Cir. 1981)). Fifth Circuit precedent requires the court to consider several relevant ethical standards in determining whether there has been an ethical violation, such as the canons of ethics developed by the American Bar Association, the Texas Disciplinary Rules of Professional Conduct, where the attorneys at issue are practicing in Texas, and local court rules. *Galderma Labs., L.P. v. Actavis Mid Atl. LLC*, 927 F. Supp. 2d 390, 394 (N.D. Tex. 2013). The only disciplinary rule or ethical standard identified by Plaintiff in his motion is Rule 1.05 of the Texas Disciplinary Rules, which governs confidential information exchanged between an attorney and client and is not at issue here. (Pet. [#1-3] at 3–4.)

Plaintiff's burden with respect to contempt and sanctions is also significant. A party seeking a finding of civil contempt must establish by clear and convincing evidence: (1) that a court order was in effect, (2) the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order. *Whitcraft v. Brown*, 570 F.3d 268, 271 (5th Cir. 2009); *F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995). Clear and convincing evidence in a civil contempt proceeding is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (internal quotation omitted).

Plaintiff has not satisfied his heavy burden to establish that any attorney—whether Frost Bank's general counsel, attorneys employed by Frost Bank, or Defendants' retained counsel in this action—should be disqualified or sanctioned. Again, Rule 1.05 does not have any relevance to the facts alleged by Plaintiff in his motion. Nor is it clear from Plaintiff's motion how the attorneys he identifies were involved in the enforcement of the criminal trespass citations and Plaintiff's arrest. And perhaps most importantly, Plaintiff's contention that it was a violation of the state-court TROs to enforce the criminal trespass citations issued against him is belied by the language of the TROs themselves.

Setting aside Defendants' contention that the TROs were never valid because they were procedurally and substantively void, neither TRO invalidated the criminal trespass citations. The June 21, 2019 TRO merely required that Plaintiff's bank accounts be temporarily reestablished until the date of a preliminary injunction hearing. (TRO [#1-6] at 3.) Plaintiff's draft TRO included language nullifying the criminal trespass warnings, but the Bexar County judge signing

the TRO excised that language before signing the draft order. (*Id.*) The June 25, 2019 TRO directed Frost Bank and its officers to set a time and place for the reopening of Plaintiff's two bank accounts and to lift the criminal trespass citation "during that time" such that Plaintiff could come to the bank to reopen his accounts or, alternatively, to reopen the accounts via telephone. (TRO [#11-1] at 39.) Plaintiff's contention that anyone violated the TROs by enforcing the criminal trespass citations is without merit, and Plaintiff has failed to establish that any attorney should be disqualified or held in contempt.

### V. Defendants' Motion to Dismiss Pursuant to 28 U.S.C. § 1915 [#29]

As previously noted, Defendants filed a response to Plaintiff's application to proceed *in forma pauperis* ("IFP") on appeal with respect to a consolidated appeal before the Fifth Circuit, which argues that Plaintiff misrepresented his financial circumstances in his motion. The IFP motion was filed in Cause Number 5:19-CV-507-OLG. Before the Court ruled on the IFP motion on its merits, the Fifth Circuit dismissed the appeal for lack of jurisdiction. The IFP motion was therefore dismissed as moot, and the Court need not consider the arguments pertaining to that motion raised by Defendants in their filing in this case.

However, Defendants' filing also asks the Court to dismiss this case as frivolous under 28 U.S.C. § 1915. Section 1915(e)(2) provides that the court shall dismiss a case at any time, notwithstanding the payment of any filing fee or portion thereof, if the court determines that an allegation of poverty is untrue or the action is frivolous. 28 U.S.C. § 1915(e)(2). In light of the undersigned's recommendation that Defendants' motion to dismiss be granted, the undersigned also need not address this argument and will dismiss Defendants' motion as moot.

## VI.  Plaintiff's Motion for Status Conference [#40]

Finally, Plaintiff has filed a Motion for Status Conference by District Judge Only [#40]. Because Plaintiff specifically requests a status conference in front of the District Court, the undersigned declines to rule on this motion, and will leave this motion pending for the District Court's consideration in conjunction with this Report and Recommendation.

## VII.  Conclusion, Recommendation, and Orders

Having considered Defendants' motion to dismiss and motion to strike, Plaintiff's motion to disqualify counsel and for contempt and sanctions, Plaintiff's pleadings and responses, the relevant law, and the entire case file, **the undersigned recommends** that Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Petition and Application for Temporary Restraining Order and Permanent Injunction [and in the Alternative] Defendants' Rule 12(e) Motion for a More Definite Statement [#2] be **GRANTED.**   Further, **the undersigned recommends** Plaintiff's Motion to Disqualify Attorneys and Law Firm and Request to Refer Matter to the State Bar of Texas Disciplinary Counel [sic] and Motion for Contempt and Sanctions and Request for Emergency Hearing [#11] be **DENIED**.

Also, in accordance with the foregoing, the undersigned now enters the following orders:

**IT IS ORDERED** that Plaintiff **FILE** a More Definite Statement supplementing his factual pleadings with regard to his existing causes of action **within 14 days** of this Order during the objection period.

**IT IS FURTHER ORDERED** that Defendants' Rule 12(f) Motion to Strike [#3] be **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Second Motion for 90 Day Stay with Medical Evidence [#28] is **DENIED**.

19

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss under 28 U.S.C. § 1915 [#29] is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Lift Stay and Various Notices to the Court [#41] is **GRANTED IN PART** such that the stay previously issued in this case (as well as the requirement that all parties seek leave of Court before filing any document in this case) is **LIFTED**. In all other respects, the Motion is **DENIED**.

### VIII. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 2nd day of January, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE