IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES W. MYART JR., | § § | |
| *Plaintiff,* | § § § | SA-19-CV-00753-OLG |
| vs. | § § | |
| FROST BANK, PAT FROST, PRESIDENT; PHILIP GREEN, CEO; JAMES WATERS, PRESIDENT; JORGE GUTIERREZ, TREY BANACK, JASON LISERIO, ANDREA KNIGHT, ATTORNEYS JOHN DOE 1-10, JEFF CARRANZA, | § § § § § § § § § | |
| *Defendants.* | § | |

## SHOW CAUSE ORDER

Before the Court in the above-styled and numbered cause of action is Plaintiffs' Application to Proceed in District Court without Prepaying Fees or Costs [#52], which the Court construes as a motion to proceed *in forma pauperis* ("IFP") on appeal. This motion was referred to the undersigned on February 11, 2020. The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A).

On January 23, 2020, the District Court granted Defendants' motion to dismiss, which disposed of all claims in this action [#50, #51]. Plaintiff filed his IFP motion and Notice of Appeal of the Court's Order on February 3, 2020 [#52, #53].

The process of seeking leave to proceed IFP on appeal is governed by Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(3). According to Rule 24, a party to a district court action who desires to proceed IFP on appeal must file a motion in the district

1

court.[1]  Fed. R. App. P. 24(a).  The movant is required to attach an affidavit to the motion that: shows in detail the movant's inability to pay the appeal costs and fees; claims an entitlement to redress; and states the issues the movant intends to present on appeal.  *Id.* at 24(a)(1).

Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous.  *Howard v. King*, 107 F.2d 215, 220 (5th Cir. 1983).  Accordingly, in addition to demonstrating that his financial condition qualifies him to proceed under the IFP statue, a movant must also demonstrate that his appeal involves nonfrivolous issues.  *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

The affidavit Plaintiff filed with the Court explains his inability to pay the costs associated with his appeal.  But the affidavit does not inform the Court of the issues Plaintiff intends to appeal or why he is entitled to redress.  Therefore, even if Plaintiff were able to establish he lacks the financial resources to pay for his appeal, the undersigned is unable to determine whether the appeal is taken in good faith based on the current record.

It is Plaintiff's burden under Section 1915(a)(3) to demonstrate a nonfrivolous basis for his appeal.  The District Court adopted the undersigned's reports and recommendation in this case [#48], which concluded that Plaintiff's Petition failed to state any cause of action upon which relief could be granted, that Plaintiff should not be granted leave to amend, and that Plaintiff's motion to disqualify various attorneys and issue sanctions should be denied.  Plaintiff has not identified which portion of the Court's Order he is challenging on appeal.  Nor has

---

[1] The undersigned notes that Plaintiff did not seek to proceed IFP in the underlying district court action.  Therefore the provisions of Rule 24(a)(3), which permits a party already obtaining IFP status to proceed on appeal "without further authorization," do not apply.

Plaintiff presented the Court with any argument as to what aspect of the District Court's ruling was in error. Accordingly, Plaintiff's motion to proceed IFP should be denied unless Plaintiff supplements his affidavit and presents the Court with the bases for his appeal as required by the Federal Rules of Appellate Procedure. The Court will therefore order Plaintiff to respond to this show cause order with the information required by Rule 24. *See* Fed. R. App. P. 24(a).

**IT IS THEREFORE ORDERED** that Plaintiff files a **RESPONSE** to this Show Cause Order containing the information required by Rule 24 **on or before February 27, 2020** or face denial of his IFP application.

SIGNED this 12th day of February, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE