IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES W. MYART JR., | § | |
| *Plaintiff,* | § § § | SA-19-CV-00753-OLG |
| vs. | § § | |
| FROST BANK, PAT FROST, PRESIDENT; PHILIP GREEN, CEO; JAMES WATERS, PRESIDENT; JORGE GUTIERREZ, TREY BANACK, JASON LISERIO, ANDREA KNIGHT, ATTORNEYS JOHN DOE 1-10, JEFF CARRANZA, | § § § § § § § § § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [#52], which the Court construes as a motion to proceed *in forma pauperis* ("IFP") on appeal. This motion was referred to the undersigned on February 11, 2020. The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, it is recommended that Plaintiff's Motion [#52] be **DENIED**.

### I. Analysis

On January 23, 2020, the District Court granted Defendants' motion to dismiss, which disposed of all claims in this action [#50, #51]. Plaintiff filed his IFP motion and Notice of Appeal of the Court's Order on February 3, 2020 [#52, #53].

1

The process of seeking leave to proceed IFP on appeal is governed by Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(3). According to Rule 24, a party to a district court action who desires to proceed IFP on appeal must file a motion in the district court.[1]  Fed. R. App. P. 24(a). The movant is required to attach an affidavit to the motion that: shows in detail the movant's inability to pay the appeal costs and fees; claims an entitlement to redress; and states the issues the movant intends to present on appeal. *Id.* at 24(a)(1).

Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous. *Howard v. King*, 107 F.2d 215, 220 (5th Cir. 1983). Accordingly, in addition to demonstrating that his financial condition qualifies him to proceed under the IFP statue, a movant must also demonstrate that his appeal involves nonfrivolous issues. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

The affidavit Plaintiff filed with the Court explains his inability to pay the costs associated with his appeal. But the affidavit does not inform the Court of the issues Plaintiff intends to appeal or why he is entitled to redress. Accordingly, the undersigned issued a Show Cause Order on February 12, 2020 [#55], directing Plaintiff to file a response identifying the issues he is contesting on appeal such that the Court can properly evaluate his IFP motion. Plaintiff filed his response on February 21, 2020 [#56]. This response still fails to apprise the Court of the issues Plaintiff intends to contest on appeal. Rather, the response accuses the Court

---

[1] The undersigned notes that Plaintiff did not seek to proceed IFP in the underlying district court action. Therefore the provisions of Rule 24(a)(3), which permits a party already obtaining IFP status to proceed on appeal "without further authorization," do not apply.

of being absurd and reemphasizes Plaintiff's inability to afford the costs associated with an appeal.

The undersigned reminds Plaintiff again that it is his burden under Section 1915(a)(3) to demonstrate a nonfrivolous basis for his appeal, not just his economic hardship. The District Court adopted the undersigned's reports and recommendation in this case [#48], which concluded that Plaintiff's Petition failed to state any cause of action upon which relief could be granted, that Plaintiff should not be granted leave to amend, and that Plaintiff's motion to disqualify various attorneys and issue sanctions should be denied. Plaintiff has still not identified which portion of the Court's Order he is challenging on appeal. Nor has Plaintiff presented the Court with any argument as to what aspect of the District Court's ruling was in error. Plaintiff's motion to proceed IFP should therefore be denied for failure to provide the Court with the information required by Rule 24. *See* Fed. R. App. P. 24(a).

## II. Conclusion and Recommendation

For the reasons discussed above, the undersigned recommends that the District Court certify that Plaintiff's appeal is not taken in good faith and **DENY** Plaintiff's IFP Application [#52].

## III. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file

the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 24th day of February, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE